# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MARION YOKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:12-00113 |
| | ) JUDGE KNOWLES |
| | ) |
| | ) JURY DEMAND |
| TENNESSEE DEPT. OF SAFETY | ) |
| & HOMELAND SECURITY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff's Complaint in this action raises claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* In the Initial Case Management Order submitted by the parties, they state that they "are in dispute as to the Court's subject matter jurisdiction. . . ." Docket No. 9, p. 1.

It appears to the Court that there may be a lack of subject matter jurisdiction in this case for the reasons set forth in *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356 (2001). One of the holdings in that case appears to be that the doctrine of sovereign immunity prohibits an individual from suing a state entity under the ADA.

The burden of establishing the existence of subject matter jurisdiction rests upon Plaintiff, who has invoked the Court's jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

Within thirty (30) days of the entry of this Order, Plaintiff shall file a Response to this

Order addressing the matters discussed above and establishing that the Court does, in fact, have subject matter jurisdiction of this action. Defendant may, but is not required to, file a Reply to Plaintiff's Response within fifteen (15) days after the filing of Plaintiff's Response.

    IT IS SO ORDERED.

*signature*
E. Clifton Knowles
United States Magistrate Judge